# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| KENNETH ROLLINGCLOUD, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-419-TLS |
| SHERIFF, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Kenneth RollingCloud, a pro se prisoner, filed an Amended Petition for Writ of Habeas Corpus [ECF No. 5] attempting to challenge a disciplinary hearing (16-175689) decision at the Allen County Jail where he lost a total of 147 days earned credit time. Respondent has moved to dismiss and argues that this Amended Petition is moot because RollingCloud is no longer in custody.

RollingCloud has not responded to the Motion to Dismiss [ECF No. 11] or otherwise disputed the accuracy of the records submitted by the Respondent. Those records support the facts and dates presented by the Respondent. Therefore the Court will accept them as true. Based on those dates, it seems apparent that this case is moot for the reasons argued by the Respondent. *See Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) ("The best that [Petitioner] can do is to point to the possibility that he might have served a shorter period of incarceration before beginning his period of supervised release. All he can suggest is that prison authorities might have seen fit to grant him a reduction in the days he had to serve. Such a deficiency is not sufficient to establish a continuing controversy . . . . Moreover, even if [Petitioner] had been guaranteed additional good-conduct credits, a ruling in his favor would not redress his injury.

The fact remains that he is now released and the amount of time he spent in prison cannot be undone.").

Notably, RollingCloud has not asserted any collateral consequences from the prison disciplinary sanctions not apparent from the existing record that would require the court to rule on the petition. *Id.* (noting that the burden is on the petitioner to establish any collateral consequences); *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001) ("If the disciplinary hearing is deemed defective, the court may order Indiana to terminate [petitioner's] parole when it would have expired, but for the Board's decision . . . ."); *see also Herbst v. Sevier*, 430 F. App'x 530 (7th Cir. 2011).

As a final matter, the Respondent asks for this case to be dismissed with prejudice. While the Court is convinced that dismissal is warranted in this case, it is not convinced that the dismissal should be with prejudice. *See, e.g.*, *Vermillion v. Superintendent*, No. 3:10-CV-119, 2011 WL 971334, *1–2 (dismissing without prejudice a prisoner's habeas petition as moot). Indeed, the case is being dismissed because there is no case or controversy to adjudicate. The Court is not reaching the merits of RollingCloud's Amended Petition.

For these reasons, the Court:

(1) **GRANTS** the Motion to Dismiss [ECF No. 11] to the extent the Respondent seeks dismissal;

(2) **DENIES** the Motion to the extent the Respondent seeks the dismissal to be with prejudice;

(3) **DENIES** without prejudice the Amended Petition [ECF No. 5]; and

(4) **DISMISSES** this case.

SO ORDERED on May 1, 2017.

                                                     /s Theresa L. Springmann
                                                     CHIEF JUDGE THERESA L. SPRINGMANN
                                                     UNITED STATES DISTRICT COURT